UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAFOURCHE PARISH WATER DISTRICT NO. 1 | CIVIL ACTION |
| VERSUS | NO: 09-3204 |
| TRAYLOR BROS, INC. AND MASSMAN CONSTRUCTION CO. | SECTION: R |

## ORDER AND REASONS

Before the Court is plaintiff Lafourche Parish Water District No. 1's Motion for Leave of Court to File First Supplemental and Amending Complaint (R. Doc. 14) and Motion to Remand (R. Doc. 15). For the following reasons, both motions are GRANTED.

### I. Background

On March 14, 2008, defendant Traylor-Massman was laying the foundation for a temporary concrete bridge over Bayou Lafourche in Leeville, Louisiana. This required the driving of piles into the ground beneath the Bayou, and in the course of the project a pile driven by defendant struck a 24-inch water line owned and operated by plaintiff. Plaintiff filed this suit alleging property damage resulting from ultrahazardous activity on March 4, 2009, in the 17th Judicial District Court for the Parish of Lafourche, and defendant removed to federal court on April 9. Plaintiff is a citizen of Louisiana and defendants are citizens

of Indiana and Missouri; jurisdiction was accordingly based on federal diversity jurisdiction. 28 U.S.C. § 1332 (2006). Plaintiff now seeks to amend its complaint to join as defendant the Louisiana Department of Transportation and Development ("DOTD"), asserting that DOTD hired defendant as a subcontractor for the construction of a state highway. It claims that, under Louisiana law, a subcontractor's principal is a necessary party to a lawsuit. Plaintiff further argues that joinder of the DOTD will destroy diversity jurisdiction, and therefore moves to remand to Louisiana state court.

**II. Legal Standard**

Plaintiff seeks to amend its complaint to add a nondiverse defendant. After being served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Supreme Court has clarified that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371

U.S. 178, 182 (1962); *see also U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004). When the amendment seeks to add a nondiverse party that would destroy jurisdiction altogether, the court also must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

**III. Discussion**

The district courts of the United States have original subject matter jurisdiction over suits between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (2006); U.S. CONST. art. III, § 2. Federal courts have long held that this jurisdictional grant requires complete diversity -- in most cases, no plaintiff can have the same citizenship as any defendant. *See, e.g., Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806). If the parties in a case filed in state court are fully diverse, a defendant is allowed to remove to federal court. 28 U.S.C. § 1441 (2006). Additionally, section 1447(e) indicates that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

The parties agree that DOTD is an arm of the State of

Louisiana. A state is not a citizen for diversity purposes. *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894). "In an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship . . . Likewise, state agencies that are the alter ego of the state are not citizens for the purposes of diversity jurisdiction." *Tex. Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995), *declared nonprecedential on other grounds*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 412 n.19 (5th Cir. 2009); *see also Batton v. Georgia Gulf*, 261 F. Supp. 2d 575, 581-83 (M.D. La. 2003). Therefore, in cases in which one party is a state agency that functions as an alter ego of the state itself, diversity jurisdiction is not available. *See Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 367 (5th Cir. 2006); *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1416 (5th Cir. 1996); *Tradigrain, Inc. v. Miss. State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983); Batton, 261 F. Supp. 2d at 583. *But see Laird v. Chrysler Corp.*, 92 F.R.D. 473, 475 (D. Mass. 1981). In the present case, there is no dispute that, before joinder, complete diversity existed between the parties. The parties also appear to agree that joinder will destroy diversity over the entire case. Defendant, however, argues that the amendment is futile and also that joinder and remand fail to satisfy the *Hensgens* factors. These

4

arguments will be addressed in turn.

**A. Futility**

Defendant marshals two arguments why the amendment is futile and should not be allowed.  The first is that DOTD cannot be brought in as a defendant because it is an arm of the state and, under the Eleventh Amendment, is immune from suit in federal court.

The parties agree that DOTD can claim immunity under the Eleventh Amendment.  *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1025 n.1 (5th Cir. 1991).  A federal court need not address sovereign-immunity questions before a party raises the matter, *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998), but Louisiana has statutorily waived sovereign immunity in state court but not in federal court.  *See* LA. CONST. art XII(A) ("Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."); LA. REV. STAT. ANN. § 13:5106(A) (2006) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.").  *See also Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 547 (5th Cir. 2006) ("Louisiana has waived its immunity in state, but not federal, court.").

5

Even if the State is immune in federal court, there is still a viable claim against it that can be asserted in state court. Sovereign immunity deprives this court of jurisdiction. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). It does not strip plaintiff of a claim under state law. An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted," *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000), which is not the case here. Plaintiff has stated a claim upon which relief might be granted; this court simply cannot adjudicate it.

Section 1447(e) of Title 28 provides a useful analogue. It allows joinder of a party over whom a court would otherwise have no jurisdiction -- in the case of 1447(e), a nondiverse defendant -- for the purposes of remand to a court that can adequately adjudicate the suit. Motions to join nondiverse defendants are not precluded as futile, even though jurisdiction over the joined party is lacking. The same is true here. In fact, this Court has previously held that joinder of a nondiverse party destroys subject matter jurisdiction before any Eleventh-Amendment immunity claims can be analyzed. *See Baker v. Murphy Oil USA, Inc.*, No. 99-3051, 2000 WL 526870, at *2 (E.D. La. May 2, 2000) (remanding case to state court under 1447(e) after addition of DOTD). Defendant's first argument for futility fails.

This Court also does not accept defendant's second argument

for futility, which contends that pile driving is ultrahazardous only when it causes damage by vibrations and not by a direct strike. *See* LA. CIV. CODE ANN. art. 667 (2008) (designating pile driving as one of two ultrahazardous activities under Louisiana law, which lead to the imposition of absolute liability). Because plaintiff has pleaded under an absolute-liability standard, defendant contends that this amendment will not state a cause of action. The clear language of article 667, however, makes no distinction between damage caused by vibrations and damage caused by a direct strike. Additionally, the cases defendant cites do not support its position. *See Suire v. Lafayette City-Parish Consol. Gov't*, 907 So.2d 37, 45-46 (La. 2005) ("article 667 strictly limits ultrahazardous activities to *actual 'pile driving'*") (emphasis added); *Millican v. River Road Constr., Inc.*, 924 So.2d 255, 257 (La. Ct. App. 2006) (same); *Vicknair v. Boh Bros. Constr. Co., L.L.C.*, 871 So.2d 514, 521-22 (La. Ct. App. 2004); *Flynn v. Amoco Corp.*, No. 99-3476, 2001 WL 766968, at *4 (E.D. La. July 9, 2001) (declining that "the pile driving activity itself did not cause the Plaintiff's injury"). Defendant has not presented any arguments to how the situation before the court does not constitute "actual pile driving," or how plaintiff's injury has not resulted from "the pile driving activity itself." The amendment is therefore not futile.

**B. *Hensgens* Factors**

The Fifth Circuit has noted that, when a plaintiff seeks joinder of a nondiverse defendant, the district court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens*, 833 F.3d at 1182. This is because a balance must be struck between the "diverse defendant['s] interest in retaining the federal forum" and "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources." *Id*. In this Circuit,

> justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Id*.

With respect to the first *Hensgens* factor, the Court is not convinced that the purpose of plaintiff's amendment is to defeat federal jurisdiction. It may be true that "plaintiffs should have known the identity of the nondiverse defendant when the state court complaint was filed." *Schindler v. Charles Schwap & Co., Inc.*, No. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005). But "when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing

8

those defendants into a litigation is to destroy diversity jurisdiction." *Id*. (emphasis in original).

Here, plaintiff has stated a valid claim against DOTD under article 667 of the Civil Code. The Louisiana Revised Statutes state that

> [i]t is the public policy of the state that the responsibility which may be imposed on an agent, contractor, or representative by reason of the responsibility of proprietors under Article 667 of the Louisiana Civil Code shall be limited solely to the obligation of such agent, contractor, or representative to act as the surety of such proprietor in the event the proprietor is held to be responsible to his neighbor for damage caused him and resulting from the work of such agent, contractor, or representative, and *only in the event the proprietor is unable to satisfy any claim arising out of such damage*. The agent, contractor, or representative who is responsible for damages, as limited by this Section, shall have a right of action against the proprietor for any damages, costs, loss or expense which he may suffer in his capacity as the surety of the proprietor.

LA. REV. STAT. ANN. § 9:2773(A) (2006) (emphasis added). Because defendant was working as a subcontractor for the DOTD, it is liable only as a surety for the State and only to the extent that the State cannot satisfy the damages. The Court acknowledges that DOTD should have been joined during the state court proceeding and that plaintiff does not provide an explanation for failure to do so. Even still, DOTD is subject to liability for the work performed by its subcontractor, and the first *Hensgens* factor thus favors joinder.

For the second *Hensgens* factor, defendant notes that this

case was filed in early March and removed on the first of April. But it was not until June that the plaintiff sought remand. Defendant therefore argues that plaintiff has been dilatory in seeking amendment. It points to *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. 03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003), in which the court found that a plaintiff was dilatory when it waited two months after filing the complaint and thirty days after removal to file its amendment.

The *Ellsworth* plaintiffs, however, failed to make a showing that *any* of the *Hensgens* factors favored remand, and Traylor-Massman points to cases in which longer periods of time were held not to be dilatory. *See Johnson v. Sepulveda Prop.*, No. 99-2312, 1999 WL 728746, at *3 (E.D. La. Sept. 16, 1999) (amendment not dilatory when filed two months after petition filed in state court); *Vincent v. East Haven Ltd. P'ship*, No. 02-2904, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002) (amendment not dilatory five months after filing of petition in state court). In addition, this case is in the very early stages of litigation. Plaintiff has not delayed to the extent that it can be considered dilatory under the second *Hensgens* factor.

The third *Hensgens* factor asks whether plaintiff would be significantly injured if joinder were denied. As explained above, DOTD is a necessary party to this action, and the current

defendants are not responsible to plaintiff unless the State is unable to pay the claim. Defendant acknowledges this point in its opposition brief. (R. Doc. 19 at 17 n.54.) Accordingly, the third *Hensgens* factor favors remand.

Lastly, the court is required to address any other factors bearing on the equities. Defendant asserts that it has a strong interest in a federal forum. This interest, however, is present in nearly every case in which a defendant opposes remand, and it is not a sufficient reason to deny joinder. Additionally, absent joinder, plaintiff will be forced to litigate in both state and federal courts simultaneously, which would waste resources for the parties, as well as the state and federal courts. This Court finds that the equities weigh in favor of remand.

**IV. Conclusion**

For the foregoing reasons, plaintiff's motion to file an amended complaint and motion to remand are both GRANTED.

**New Orleans, Louisiana, this** \_\_\_\_16th\_\_\_\_ **day of July, 2009.**

_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**